1835.
BURRAS
v.
LOOKER

## Burras *v.* Looker and others.

---

Where a public administrator, who is a defendant in a suit, has resigned or is removed, from office the complainant may apply to substitute the succeeding public administrator and enter an order to that effect and then insert his name in the title of the suit and in the subsequent proceedings; and such last administrator may, if he thinks proper, apply to amend the former proceedings or to file a new answer and open the proofs, &c.

---

Alpheus Sherman, as public administrator, had been made a defendant. He was afterwards removed; and a petition, on the part of the complainant, was now presented, to substitute the name of Eber Wheaton, the present public administrator, in the place of Alpheus Sherman, as a defendant.

Novemb. 16,
1835.

*Practice.*
*Public a-*
*ministrat.*
*Party.*

Mr. *Silliman*, for the motion.

Mr. *A. Nash*, contra.

The Vice-Chancellor:—By the Revised Statutes, vol. 2, p. 125, § 34, no suit that shall have been commenced by the public administrator shall abate, on account of his authority having ceased, for any cause; but the same may be continued by his successor or the executors or adminis-

trators of the deceased, who shall succeed him in the administration of the estate in relation to which such suit shall be brought.

This section does not apply in terms where a suit is brought against a public administrator. But if the suit does not abate when brought by him, it surely ought not to abate when brought against him. Even if his authority ceases by death, the suit is to go on by suggesting the death and having an order to continue it in the name of the successor.

Another part of the statute provides for the case of suits by public officers or trustees appointed by statute where they shall die or be removed, such death or removal shall not abate the suit, but the same may be continued by the successor who shall be substituted for that purpose by the court: Ib. 388, § 14.

Again: in relation to suits commenced by or against executors or administrators generally, they are not to abate by death or removal, &c. but may be continued in the one case by and in the name of the person who shall succeed the executor or administrator so dying or removed, &c. and in the other, the court in which the suit may be depending, on the application of the plaintiff therein and after reasonable notice to the person succeeding to the administration of the same estate may, by a rule of court, substitute the person so succeeding as defendant; and the suit shall thereafter proceed as if it had been originally commenced against the person so substituted: Ib. 115, § 14, 15, 16, 17.

These different provisions contain a principle which is applicable to the present motion: but I am inclined to think the public administrator is embraced in the very letter of the statute—and if not, he is certainly within the spirit of the regulations concerning suits by and against executors and administrators just quoted.

It is fit and proper that the succeeding public administrator should be substituted, because the former one, on resignation or removal, is to deliver over all papers, money and effects in his hands to his successor: Ib. 128, § 44. He thereby relinquishes all control of any business appertaining to the office; and he ought to have no objection to be discharged from the suit.

I am of opinion it is the proper course, upon a plaintiff's application, to substitute the present public administrator in the place of the former, merely by entering an order to that effect and, during the subsequent proceedings, in the title of the cause and otherwise, to insert the name of Eber Wheaton as such public administrator instead of Alpheus Sherman. When Mr. Wheaton is thus made the party, by serving him with a copy of the order of substitution, he will have an opportunity of making any application he may think proper to amend the former proceedings or for leave to file a new answer and to open the proofs or for any purpose which the interests of those whom he represents may seem to require.

Motion on the present petition granted.